Good morning, everyone. Our first case for argument today is Kondilis v. City of Chicago. Mr. Kasper, whenever you're ready. Good morning. May it please the court. My name is Cass Thomas Kasper. I represent all 17 plaintiffs in this case who are City of Chicago police officers who were subjected between late 2021 through 2022 and in some instances up to the present to a bevy of adverse actions by the City of Chicago because of their alleged failure to comply with the city's COVID-19 vaccination policy. The district court dismissed our case with prejudice on the pleadings. No discovery was taken. And we urge today that this case be reversed and remanded for discovery to take place and for the case to proceed. For the reasons outlined in our brief, did any of your clients enter their vaccination status in the portal? No, they didn't. What was the religious basis for them? Not not not entering their status in the portal. And where is that in your complaint? It it it is all over the complaint because of one primary reason. They did not have to enter their vaccination status in the portal because the determination notice exempted them from the policy as a whole. It says it expressly and that reporting requirement comes from the vaccination policy. This is so important to this case. I want to read this. Dear employee, your request for a religious exemption from the City of Chicago's mandatory COVID-19 vaccination policy policy has been approved. There's three caveats in the determination notice, which are the employee still has to mask, social distance, and test. Reporting is not one of the caveats. Reporting is in the policy, which they are exempted from as a whole. So to answer that question, and this is really the big issue in the case, these employees who who requested a religious exemption. What sense does that make, by the way? Because employees should be allowed to rely on the city's own verbiage, which exempted them from the policy as a whole. That's why I mean, these are these are these are rank and file police officers. They're not constitutional lawyers. They're not judges. They get this determination notice that says. Your exemption from the vaccination policy has been approved, and this all relates back to their religious exemption requests in the first place as a matter of proximate cause, was there any piece of paper, either at the time of the policy or was there any piece of paper, either at the time of the policy or later that directed them to enter this information in the portal? At at this pleading stage, I have not seen that. My belief is no. The requirement comes from the policy that they're exempted from as a whole. Now, if something comes out in discovery that says otherwise, that's for discovery, and that's another reason why this should be reversed. So we that issue we can get to. But my knowledge now reporting comes from the policy, which they're exempted from as a whole. They don't have to report. Did she have to? Was she subjected to biweekly testing? Yes. Yes, they were. And that's a part of one of the caveats in the policy. And as far as the state of discovery right now is they were doing that. And that's really not one of the central issues in this case is whether or not the plaintiffs were subjected to the testing requirement. They were. It's in the caveat in the determination notice. But all of these adverse actions happened because of the reporting, the failure to report. Yeah, I guess I'm I'm confused a little bit. Maybe you can help me with this. If if they're if your argument is they're exempted from the policy so they don't have to report.